LAW OFFICES OF

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
312-739-4200
FAX 312-419-0379
WEBSITE: www.edcombs.com
EMAIL: info@edcombs.com

August 19, 2010

**VIA FACSIMILE**
The Honorable Cathy Seibel
United States District Court Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150
914-390-4278 (FAX)

**RE:   Cleotilde Rock and Tracy Claxton v. Moss Codillis LLP, et al., No. 10 CIV 03106, Plaintiff's Preliminary Motion for Class Certification**

Dear Judge Seibel,

       This firm represents the Plaintiffs in the above-referenced lawsuit. We are writing in response to Defendants' August 17, 2010 letter and to request leave to file a revised First Amended Complaint.

       Defendants' August 17, 2010 correspondence objected to Plaintiffs' assertion in the proposed amended complaint that Defendants' violated Sections 1692c and 1692j of the FDCPA. In the interest of simplifying matters, Plaintiffs have excluded these violations from the amended complaint. However, Plaintiffs request leave to file the revised First Amended Complaint attached hereto as Appendix A, which contains the additional factual assertions regarding Defendant AHSMI's involvement in the sending of the collection letter at issue in this litigation.

       As previously noted, on July 30, 2010, this Court held a pre-motion conference regarding Defendants' intent to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). During that conference, the Court suggested that the parties exchange informal discovery to determine the extent of Defendant AHSMI's involvement in the collection letters at issue in this litigation. The discovery was intended not only to facilitate the parties settlement discussions, but also in effort to streamline the issues related to Defendants' motion to dismiss.

       Based on Defendants' response to these requests, we have concluded that AHSMI is principally responsible for the information related to the debt and which is included in the letter to debtors.

This information is relevant to the issues raised by Defendants in the pre-motion conference. As a matter of efficiency, these allegations are better asserted now rather than after the parties have briefed the motion to dismiss.

The amendment will not cause any prejudice to the Defendants, as no answer to the Complaint has been filed nor has any discovery taken place. Based on the July 30, 2010 conference, Defendants have until August 20, 2010 to file its Motion to Dismiss. Therefore, we request permission to file the attached revised First Amended Complaint.

Respectfully submitted,

Daniel A. Edelman

cc: Abraham Kleinman, David J. Chizewer, Thomas K. Richards, Glen A. Silverstein

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
CLEOTILDE ROCK and TRACY CLAXTON,
individually and on behalf of the class and
subclass defined herein,

                Plaintiffs,

v.

MOSS CODILIS, LLP, and AMERICAN
HOME MORTGAGE SERVICING, INC.,

                Defendants.
------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT – CLASS ACTION**

## INTRODUCTION

1. Plaintiffs Cleotilde Rock and Tracy Claxton bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Moss Codilis, LLP and American Home Mortgage Servicing, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f, 1692g and 1692j.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by plaintiff within this District;

    b. Defendants do or transact business within this District.

1

## PARTIES

5. Plaintiff Cleotilde Rock and Tracy Claxton are individuals who reside in New Rochelle, NY in a home which they own. The property is a two-unit building, with one unit occupied by each plaintiff. Both plaintiffs are on title.

6. Defendant Moss Codilis, LLP is a limited liability partnership with offices at 6560 Greenwood Plaza Blvd., Suite 100, Englewood, Colorado 80111. It does business in New York.

7. Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a corporation with offices at 1525 S. Beltline Road, Coppell, Texas 75019. It does business in New York.

8. Defendant Moss Codilis, LLP regularly uses the mails and telephone system to collect which are delinquent when it first becomes involved with them and were originally owed to others.

9. Defendant Moss Codilis, LLP is a debt collector as defined in the FDCPA.

10. Defendant AMHSI regularly uses the mails and telephone system to collect consumer debts which are delinquent when it first becomes involved with them and were originally owed to others.

11. Defendant AHMSI is a debt collector as defined in the FDCPA.

## FACTS

12. On or about February 8, 2006, plaintiffs obtained a home mortgage loan from Argent Mortgage Company, LLC. Argent Mortgage Company, LLC was part of the Ameriquest mortgage operation and is now defunct. Ms. Rock signed the note. Both plaintiffs signed the mortgage.

13. On or about February 10, 2009, servicing of the loan was transferred from Citi Residential Lending to defendant AHMSI.

14. At the time, the loan was contractually in default.

15. On or about February 22, 2010, Moss Codilis, LLP, acting as agent of AHMSI, sent both plaintiffs the letter attached as Exhibit A.

16. Exhibit A was the first letter plaintiffs received from Moss Codilis, LLP concerning the debt.

17. On information and belief, Exhibit A was the first letter Moss Codilis, LLP sent to plaintiffs concerning the debt described therein.

18. On information and belief, Exhibit A is a form letter used by Moss Codilis, LLP as the initial demand it sends to a consumer.

19. Exhibit A does not disclose the identity of the person who presently owns the alleged debt.

20. Instead, Exhibit A states that Moss Codilis, LLP "has been authorized by the Servicer (American Home Mortgage Servicing, Inc.) and the Creditor of the above-referenced home loan . . . to contact you regarding the status of your account." This acknowledges that AHMSI is not the creditor or owner.

21. The creditor was not identified in any other documents sent to plaintiff within five days after Exhibit A.

22. In response to an inquiry from plaintiffs' counsel, Moss Codilis, LLP stated in a letter of March 12, 2010 (Exhibit B) that the "current creditor of your client's loan is Argent Securities, Inc., Asset-Based Pass-Through Certificates, Series 2006-W3," of which "the Trustee is Deutsche Bank National Trust Company."

23. Exhibit A also leaves the amount of the debt unclear, stating that "as of 02/20/2010 the amount of the debt that we are seeking to collect is $21,215.30, which includes the sum of payments that have come due on and after the date of default . . . any late charges, periodic adjustments to the payment amount (if applicable) and expenses of collection", but that "In addition, any advances made by the Servicer to protect their lien position must be added to the total amount necessary to cure the default." Advances normally include real estate taxes and

3

insurance premiums, which can be substantial.

24. According to Exhibit B, there was an advance of $629.63 applicable to plaintiffs' account as of March 9, 2010.

25. At all relevant times, Moss Codilis, LLP was acting as authorized agent of AHMSI.

26. AHMSI and Moss Codilis, LLP have an agreement whereby Moss and Codilis, LLP drafts demand letters based on minimal information provided by AHMSI.

27. Moss Codilis, LLP has no involvement in determining what information is included in the debt collection letters sent on behalf of AHMSI. It merely inserts the information provided by AHMSI.

28. Moss Codilis, LLP does not obtain any documentation or other information necessary in order to make any independent legal determination as to how much money is owed or who is the creditor of the debt prior to sending Exhibit A. Moss Codilis, LLP has neither the note and mortgage with assignments and endorsements, nor a description of the same, nor and account history, before sending the letters in the form of Exhibit A.

29. On Information and belief AHSMI was inserted in Exhibit A as a default computer setting when no creditor information is provided for the debt. When no information is provided regarding the identity of the creditor, the name of the servicer is inserted instead.

30. It is common knowledge in the mortgage industry that a "servicer" is rarely the creditor of the debt.

31. Moss Codilis, LLP receives a $20 fee for each letter in the form of Exhibit A which is sent on behalf of AHMSI.

32. Moss Codilis, LLP does not make any independent determinations as to the amount of the debt or the creditor to whom the debt is owed.

### VIOLATIONS ALLEGED

33. Plaintiff incorporates paragraphs 1-32.

4

34.  <u>Exhibit A</u> violates 15 U.S.C. §1692g.

35.  Section 1692g provides:

**§ 1692g. Validation of debts**

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

>  (1) <u>the amount of the debt</u>;
>
>  (2) <u>the name of the creditor to whom the debt is owed</u>;
>
>  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) **Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) **Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section. (Emphasis added)

## CLASS ALLEGATIONS

36. Pursuant to Fed. R.Civ. P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class and subclass.

37. The class consists of (a) all natural persons with New York addresses (b) to whom defendant Moss Codilis, LLP sent a letter seeking to collect a mortgage loan debt (c) in the form represented by Exhibit A (d) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

38. The subclass consists of all class members whose servicer, as identified in Exhibit A, was AHMSI.

39. The class and subclass are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class and subclass.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

41. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

6

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and subclass members and against defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

/s/Daniel A. Edelman
Daniel A. Edelman

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com

Cathleen M. Combs (PHV)
Daniel A. Edelman (PHV)
EDELMAN COMBS LATTURNER &
 GOODWIN, LLC
120 S. LaSalle Street
Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 fax
ccombs@edcombs.com

7

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

/s/Daniel A. Edelman
Daniel A. Edelman   T:\24264\Pleading\First Amended

Complaint Ver 2 8-19-10_.WPD

8

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/Daniel A. Edelman
Daniel A. Edelman

9

# EXHIBIT A

CODILIS, L.L.P.    6560 GREENWOOD PLAZA BLVD, SUITE 100, ENGLEWOOD, CO▮▮

February 22, 2010    Re: ▮▮▮7060    Re: 25 Park Place
                                        New Rochelle, NY 10801

[mailing label, upside-down:]
Cleotielde Rock Tracy Claxton
25 Park Place
New Rochelle, NY 10801

.: Cleotilde Rock Tracy Claxton:

▮ firm has been authorized by the Servicer (American Home Mortgage Servicing, Inc.) and the Creditor of the above-referenced home loan
▮▮▮after referred to as "the Debt") to contact you regarding the status of your account.

▮ are hereby provided formal notice by the Servicer (American Home Mortgage Servicing, Inc.), as authorized by the Creditor of the above-
▮▮▮▮ed home loan that you are in default under the terms and conditions of the Note and Security Instrument (i.e. Deed of Trust, Mortgage,
▮▮ failure to pay the required installments when due, and important data regarding that information is found in this document.

▮ ▮▮▮▮r serves as further notice that American Home Mortgage Servicing, Inc. intends to enforce the provisions of the Note and Security
▮▮▮▮ment. You must pay the full amount of the default on this loan by the thirty-fifth (35th) day from the date of this letter which is
▮▮ 2010 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). If you do not pay the full
▮▮nt of the default, our client may accelerate the entire sum of both principal and interest due and payable, and invoke any remedies
▮▮ded for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property. If you received a bankruptcy
▮▮arge which included this debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally; notice
▮ ▮▮ions may be contained within your mortgage/deed of trust which require this notice prior to foreclosure.

▮ are hereby informed that you have the right to "cure" or reinstate the loan after acceleration and the right to assert in the foreclosure
▮▮▮ding the non-existence of a default or any other defense you may have to acceleration and sale.

▮▮ 02/20/2010 the amount of the debt that we are seeking to collect is $21,215.30, which includes the sum of payments that have come
▮▮ and after the date of default 10/01/2009, any late charges, periodic adjustments to the payment amount (if applicable) and expenses of
▮▮tion. In addition, any advances made by the Servicer to protect their lien position must be added to the total amount necessary to cure the
▮▮lt. Because of interest, late charges, and other charges or credits that may vary from day to day, or be assessed during the processing of
▮ letter, the amount due on the day that you pay may be greater. Please contact American Home Mortgage Servicing, Inc. at 1-877-304-3100
▮▮ day that you intend to pay for the full amount owed on your account. This letter is in no way intended as a payoff statement for your
▮▮gage, it merely states an amount necessary to cure the current delinquency.

▮se note, however, that your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms
▮ the Note, your 03/01/2010 installment is still due on 03/01/2010 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the
▮ business day thereafter). Please disregard this notice if a payment sufficient to cure the default has already been sent.

▮his time, no attorney with this firm has personally reviewed the particulars of your account.

▮ firm is attempting to collect a debt for our client, and any information obtained will be used for that purpose.
▮eral law gives you thirty days after you receive this letter to dispute the validity of this debt or any part of it. Unless you dispute the
▮ within that 30 day period, we will assume that it is valid. If you notify us in writing at the address above within the thirty day
▮iod that the debt, or any portion thereof, is disputed, we will:
▮rovide to you verification of the debt or a copy of any judgment entered against you.
▮rovide to you the name and address of your original creditor, if the original creditor is different from the current creditor.

"CURE" or "Reinstatement Right" similar to that described in the prior paragraph may be available in many states. NO PERSON IN THIS
▮W OFFICE WILL GIVE YOU ANY LEGAL ADVICE. If, at any time, you make a written request to us not to contact you, we will not do
▮xcept to send statutorily and/or contractually required legal notice. If you voluntarily surrender possession of the collateral specified herein,
▮ could still owe additional monies after the money received from the sale of the collateral is deducted from the total amount you owe. The
▮inator of the Debt is ARGENT MORTGAGE COMPANY.

▮erican Home Mortgage Servicing, Inc. would like you to be aware that if you are unable to make payments or resume payments within a
▮onable period of time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for
▮meownership Counseling. Please contact the HUD toll free number (800-569-4287) to obtain a list of HUD approved nonprofit
▮anizations servicing your residential area.

▮ are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national
▮it reporting agencies by American Home Mortgage Servicing, Inc. American Home Mortgage Servicing, Inc. requests that all payments be
▮e in Certified Funds (Cashiers check, money order or quick collect), Overnight: 1525 S. Beltline Rd. Coppell, TX 75019, Western
▮▮▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮ ▮▮ ▮▮▮▮▮ ▮▮ ▮ ▮▮▮ ▮▮▮ ▮▮▮▮ ▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮ ▮ ▮▮

OSS CODILIS, L.L.P.
0 GREENWOOD PLAZA BLVD, SUITE 100, ENGLEWOOD, COLORADO 80111-7100 PH: (866) 612-3730

February 22, 2010      Re: [####]7060      Re: 26 Park Place
                                                New Rochelle, NY 10801

ar Cleotielde Rock Tracy Claxton:
is firm has been authorized by the Servicer (American Home Mortgage Servicing, Inc.) and the Creditor of the above-referenced home loan
reinafter referred to as "the Debt") to contact you regarding the status of your account.
u are hereby provided formal notice by the Servicer (American Home Mortgage Servicing, Inc.), as authorized by the Creditor of the above-
erenced home loan that you are in default under the terms and conditions of the Note and Security Instrument (i.e. Deed of Trust, Mortgage,
.) for failure to pay the required installments when due, and important data regarding that information is found in this document.
Is letter serves as further notice that American Home Mortgage Servicing, Inc. intends to enforce the provisions of the Note and Security
trument. You must pay the full amount of the default on this loan by the thirty-fifth (35th) day from the date of this letter which is 03/29/2010
If said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). If you do not pay the full amount of the
ault, our client may accelerate the entire sum of both principal and interest due and payable, and invoke any remedies provided for in the Note
d Security Instrument, including but not limited to the foreclosure sale of the property. If you received a bankruptcy discharge which included
s debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally; notice provisions may be
tained within your mortgage/deed of trust which require this notice prior to foreclosure.
u are hereby informed that you have the right to "cure" or reinstate the loan after acceleration and the right to assert in the foreclosure
cceding the non-existence of a default or any other defense you may have to acceleration and sale.
of 02/20/2010 the amount of the debt that we are seeking to collect is $21,215.30, which includes the sum of payments that have come due
and after the date of default 19/01/2009, any late charges, periodic adjustments to the payment amount (if applicable) and expenses of
lection. In addition, any advances made by the Servicer to protect their lien position must be added to the total amount necessary to cure the
ault. Because of interest, late charges, and other charges or credits that may vary from day to day, or be assessed during the processing of this
er, the amount due on the day that you pay may be greater. Please contact American Home Mortgage Servicing, Inc. at 1-877-304-3100 on the
, that you intend to pay for the full amount owed on your account. This letter is in no way intended as a payoff statement for your mortgage, it
rely states an amount necessary to cure the current delinquency.
ase note, however, that your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of
Note, your 03/01/2010 installment is still due on 03/01/2010 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first
siness day thereafter). Please disregard this notice if a payment sufficient to cure the default has already been sent.
this time, no attorney with this firm has personally reviewed the particulars of your account.
is firm is attempting to collect a debt for our client, and any information obtained will be used for that purpose.
leral law gives you thirty days after you receive this letter to dispute the validity of this debt or any part of it. Unless you dispute the
bt within that 30 day period, we will assume that it is valid. If you notify us in writing at the address above within the thirty day period
t the debt, or any portion thereof, is disputed, we will:
Provide to you verification of the debt or a copy of any judgment entered against you,
Provide to you the name and address of your original creditor, if the original creditor is different from the current creditor.
"CURE" or "Reinstatement Right" similar to that described in the prior paragraph may be available in many states. NO PERSON IN THIS
W OFFICE WILL GIVE YOU ANY LEGAL ADVICE. If, at any time, you make a written request to us not to contact you, we will not do
except to send statutorily and/or contractually required legal notice. If you voluntarily surrender possession of the collateral specified herein,
i could still owe additional monies after the money received from the sale of the collateral is deducted from the total amount you owe. The
ginator of the Debt is ARGENT MORTGAGE COMPANY.
terican Home Mortgage Servicing, Inc. would like you to be aware that if you are unable to make payments or resume payments within a
sonable period of time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for
meownership Counseling. Please contact the HUD toll free number (800-569-4287) to obtain a list of HUD approved nonprofit organizations
rvicing your residential area.
u are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national
dit reporting agencies by American Home Mortgage Servicing, Inc. American Home Mortgage Servicing, Inc. requests that all payments be
de in Certified Funds (Cashiers check, money order or quick collect), Overnight: 1525 S. Beltline Rd. Coppell, Tx 75019, Western Union:
de City-AHMSI Code State - TX. You may contact Martina Gonzales at 1-800-595-3706 x 42523 or www.ahmsi3.com should you have
rvicing questions regarding your account.
l matters discussed herein are of extreme importance. We trust you will give them appropriate attention.
y truly yours,
SS CODILIS, L.L.P.
American Home Mortgage Servicing, Inc.

# EXHIBIT B



**MOSS CODILIS, L.L.P.**
6560 GREENWOOD PLAZA BLVD, SUITE 100, ENGLEWOOD, COLORADO 80111-7100 PH: 1 (866) 625-8168

March 12, 2010

Law Office of Kleinman LLC
Abraham Kleinman
626 Rexcorp Plaza
Uniondale, NY 11556

Re: American Home Mortgage Servicing, Inc. Loan Number ******7060, Rock

Dear Mr. Abraham Kleinman:

This letter is in response to your letter dated March 10, 2010 regarding the above referenced loan and borrower. For purposes of debt verification, please be advised that as of **March 9, 2010**, the above referenced account was past due for the following figures:

| | |
|---|---|
| Delinquent Payments | $ 24,501.30 |
| Late Charges | $ 258.52 |
| Bad Check Fees | $ 40.00 |
| Recoverable Corporate Advance | $ 629.63 |

As of today's date these figures may have changed.

We have passed your correspondence onto our client, American Home Mortgage Servicing, Inc., and made them aware of your client's current situation.

Further, your letter requests verification of the disputed debt; we have obtained a copy of the original note and mortgage as well as your client's payment history from American Home Mortgage Servicing, Inc. and have enclosed them with this letter. The current creditor of your client's loan is Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W3; the Trustee is Deutsche Bank National Trust Company. The original creditor of your client's loan is Argent Mortgage Company, LLC; their address is 3 Park Plaza, 10th Floor, Irvine, CA 92614.

If you have any further questions, please do not hesitate to contact us at 1-866-612-3730.

Sincerely,

Moss Codilis L.L.P. by
Allison E. Ryan

CC: American Home Mortgage Servicing, Inc.

*Please note, this firm may be attempting to collect a debt and any information obtained will be used for that purpose.*

# LAW OFFICES
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 S. LaSalle
18th Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

## FACSIMILE TRANSMISSION

| | |
|---|---|
| TO: | The Honorable Cathy Seibel |
| FAX NO: | 914-390-4278 |
| FROM: | Daniel A. Edelman (/se) |
| RE: | *Cleotilde Rock and Tracy Claxton v. Moss Codillis LLP, et al.*, No. 10 CIV 03106 |
| FILE NO: | 24264 |
| DATE: | August 19, 2010 |
| PAGES: | 18 (including cover) |

\*\*\*

Comments: Letter to Judge Seibel requesting leave to file First Amended Complaint.

---

## PRIVILEGED COMMUNICATION

PLEASE PHONE 312/739-4200 IF YOU DO NOT RECEIVE ALL THE PAGES. This fax may contain confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee(or are authorized to receive this fax for the addressee), you may not copy, use or distribute it. If you receive this fax in error, please contact the sender by telephone or fax immediately and return by U.S. Mail.